# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ALITA SELLERS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0379** (BOR Appeal No. 2049834)
(Claim No. 2014008410)

**WEST VIRGINIA UNIVERSITY - BOR,**
**Employer Below, Respondent**

**FILED**

March 25, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Alita Sellers, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia University - BOR, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 1, 2015, in which the Board affirmed a September 4, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 18, 2013, decision which denied the claim because the disability complained of was not due to a compensable injury or disease. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Sellers, a professor, alleges she was injured in the course of her employment on August 28, 2013, when she fell and struck her elbow, left shoulder, knees, and head in a hallway. A Wood County rapid responder patient care record provides that emergency services was called for Ms. Sellers and lists the cause of the fall as a syncopal episode. It was noted that Ms. Sellers previously suffered a transient ischemic attack in January of 2013. Ms. Sellers was transported to Camden Clark Memorial Hospital emergency room where it was again noted that she fainted while at work. A CT scan taken that day lists the relevant history as a syncopal episode and fall.

1

Ms. Sellers was treated by Steven Michael Miller, M.D. for the injury from August to December of 2013. Dr. Miller's notes indicate that Ms. Sellers required surgery on her elbow due to a work-related injury.

Ms. Sellers signed an incident report on August 30, 2013. The report indicates that she felt tired while teaching a class and had to sit down. On the way to her office, she blacked out and fell. The report was completed by Katie Wooton. In an affidavit, Ms. Wooton stated that she works with Ms. Sellers. Ms. Wooton stated that she entered the hallway when Ms. Sellers fell and that she assisted her. Ms. Wooton asserts Ms. Sellers stated that she was feeling tired while teaching and had to sit down so she was walking back to her office when she blacked out and fell.

Ms. Sellers testified in a hearing before the Office of Judges on June 10, 2014. She stated that she was talking to a student, John Thurmond, when she took a step forward and fell on August 28, 2013. She asserted that she did not experience dizziness or any kind of loss of consciousness. Ms. Sellers denied telling Katie Wooton that she fainted. She also denied telling the emergency responders that she fainted. She testified that when she experienced a transient ischemic attack in January of 2013 she did not lose consciousness or experience dizziness. Ms. Sellers denied telling any physician or nurse that she lost consciousness or was dizzy prior to falling. She admitted that she signed the incident report but asserts that she did not read it beforehand because she was on medication and in pain. Mr. Thurmond also testified before the Office of Judges. He stated that he was Ms. Sellers's student and was present when she fell. He asserted that she was getting ready to speak to him when she slipped and fell; however, he did not see anything on the floor on which she could have slipped. He stated that she did not appear to be dizzy or off balance prior to the fall.

The claims administrator rejected Ms. Sellers's application for workers' compensation benefits on September 18, 2013. The Office of Judges affirmed the claims administrator's decision in its September 4, 2014, Order. It found that the record establishes that Ms. Sellers was injured while at work. The Office of Judges noted that she had a prior transient ischemic attack and/or syncope. Though she denied losing consciousness on the day of the fall, the Office of Judges found that the likely cause of the fall was an episode of syncope. The Office of Judges concluded that there is no evidence in the record demonstrating that there was a work-related reason for Ms. Sellers's fall. The Office of Judges further determined that even if she simply fell, the injury does not result from her work because simply falling is not an isolated fortuitous event resulting from her employment as a professor. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 1, 2015.

On appeal, Ms. Sellers argues that there is no medical evidence to justify the inference that she fainted. She asserts that it was an idiopathic fall that occurred in the course of her employment and should therefore be compensable. West Virginia University argues that though Ms. Sellers was injured in the course of her employment, the injury did not occur as a result of her employment. It asserts that even if she fell instead of fainted, the fall still did not result from her employment, and she failed to meet her burden of proof.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Ms. Sellers has a history of transient ischemic attack and/or syncope. Treatment notes from Camden Clark Memorial Hospital provide that she fainted while at work and hit her face, head, and elbow. The emergency responder report from the day of the fall also indicates that she lost consciousness, as does the accident report which was signed by Ms. Sellers. It is the claimant's burden to prove that she was injured in the course of and resulting from her employment. She did not present enough evidence in this case to justify reversing the Board of Review's decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 25, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II